ELIZABETH PALMER et al., Appellants and Respondents, and FLORENCE P. LANE, Plaintiff, v. WILLIAM F. TAYLOR, Appellant and Respondent, and HERMAN GOLDBERG et al., Respondents, Impleaded with Others.

Appeal — question when Appellate Division makes no findings of fact — accounting — when findings of fact do not warrant judgment directing accounting as to profits arising from purchase and sale of real property.

1. Where the Appellate Division makes no findings of fact the question before the Court of Appeals is whether the judgment is sustained by the findings actually made by the trial judge.

2. In an action demanding amongst other relief an accounting of the profits arising through a purchase and sale of real property the trial court found in effect that a partner of plaintiff's father,

his successor in the real estate business, the executor of their mother's estate, holding an interest in a lease of the premises as trustee for their brother and sister with remainder to them; agent for the lessors, acting for the lessees in respect to the lease, knowing that the lessors desired that the plaintiffs might have an opportunity to purchase the property, himself bought the same, stating that he would see that the interests of the plaintiffs were protected; yet that he acted in perfect good faith believing that the plaintiffs had no money with which to make the purchase and stating that fact in their presence to the lessors; that when he sold the property he conveyed it subject to their rights, thereby apparently complying with his promise that he would see to the protection of their interests, that there was no fraud, no confidence betrayed, no promise broken and no concealment of facts which should have been revealed. *Held,* that there was no basis for the conclusion that he should account to the plaintiffs for his profits and that a judgment against him, in view of such findings, may not be sustained.

*Palmer* v. *Taylor*, 201 App. Div. 422, modified.

(Argued February 1, 1923; decided April 17, 1923.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 28, 1922, modifying and affirming as modified a judgment in favor of plaintiffs and defendants Goldberg, entered upon a decision of the court on trial at Special Term.

*Thomas F. Magner* for plaintiffs, appellants and respondents. The defendants Taylor and Goldberg fraudulently conspired to deprive the plaintiffs of their property. (*Park & Sons* v. *Nat. Druggists' Assn.,* 30 App. Div. 508; *People* v. *Van Tassel,* 156 N. Y. 561; *People* v. *Pickens,* 153 N. Y. 576; *Kelly* v. *People,* 55 N. Y. 565; *People* v. *Sharp,* 45 Hun, 460; *Dewey* v. *Moyer,* 72 N. Y. 70; *Newlin* v. *Lyons,* 49 N. Y. 661; *Cuyler* v. *McCartney,* 40 N. Y. 221; *Rutherford* v. *Schatmann,* 160 N. Y. 462; *Boyd* v. *United States,* 142 U. S. 450; *United States* v. *Kane,* 23 Fed. Rep. 748; *United States* v. *Johnson,* 26

Fed. Rep. 682.) The defendants Goldberg are not innocent purchasers for value even on the assumption that they did not conspire with the defendant Taylor to defraud the plaintiffs. (*Reed* v. *Gannon,* 50 N. Y. 345; *Matter of De Marti,* 72 Misc. Rep. 150; *Phelan* v. *Brady,* 119 N. Y. 587; *Trustees* v. *Wheeler,* 61 N. Y. 88; *Brown* v. *Volkening,* 64 N. Y. 76; *City of Bayonne* v. *Hoehe,* 168 App. Div. 83.) The defendants Gustave J. Goldberg, Herman Goldberg and William F. Taylor are joint trustees *ex maleficio;* they hold the title to the property in trust for the plaintiffs Elizabeth and Minnie Palmer Blair and this court should direct them to convey the property to them. (*Goldsmith* v. *Goldsmith,* 145 N. Y. 313; *Wood* v. *Rabe,* 96 N. Y. 414; *Burham* v. *Van Zandt,* 7 N. Y. 523; *Swinburn* v. *Swinburn,* 28 N. Y. 568; *Peck* v. *Peck,* 110 N. Y. 64; *Gardner* v. *Ogden,* 22 N. Y. 327; *Hammond* v. *Pennock,* 61 N. Y. 145; *Jaffe* v. *Weld,* 220 N. Y. 443; *Ryan* v. *Dox,* 34 N. Y. 307; *Wheeler* v. *Reynolds,* 66 N. Y. 228; *Levy* v. *Brush,* 45 N. Y. 589; *Fletcher* v. *Manhattan Life Ins. Co.,* 197 App. Div. 484; *Congregation* v. *Universal,* 134 App. Div. 368.)

*Jesse Fuller, Jr.,* for defendant, appellant and respondent.

*Herman S. Bachrach* for respondents.

ANDREWS, J. The relief demanded in this action is that the conveyance by the defendant Taylor to the defendants Goldberg of three lots known as 777, 779 and 781 Manhattan avenue, Brooklyn, be declared void and that Taylor be directed to convey the said lots to the plaintiffs; that Taylor be adjudged to hold the same in trust for the plaintiffs; that Taylor and the Goldbergs account to them for the rents, income and profits derived therefrom and that it be adjudged that a lease of the premises in which the plaintiffs were interested was renewed from February 1, 1916, for seven years. The

contest between the parties centers chiefly about the circumstances under which Taylor obtained a deed of the property from its owners for $30,000 and then sold it to the Goldbergs for $35,000. The trial court held that Mrs. Lane had no interest in the question involved. This not now disputed. It held that the lease had been renewed. Neither is there a dispute as to this although it is said that the judgment was in error in stating that such renewal expired on March 31, 1923, instead of January 31, 1923. If there was no evidence to sustain the date found it was error as a matter of law and in the absence of an exception we may not consider it. It was held that the plaintiffs were liable as principals on a certain so-called supplemental contract made by Taylor with the Goldbergs. We agree with the Appellate Division that there was no evidence to support this finding. It held that the Goldbergs took the deed of the property in good faith for value and that as to them it was a valid transfer. This was affirmed by the Appellate Division and again we agree with this result. Finally, the trial court held that Taylor was liable to the plaintiffs, appellants, for the net profits of his transactions with the Goldbergs and directed an interlocutory judgment that he file an account of the same. Such an account was filed and as a result a final judgment was entered against Taylor and in favor of Elizabeth and Minnie Palmer for $2,918 and costs. This portion of the judgment was also affirmed. Although both Taylor and the Palmers appeal to this court the only question that we need seriously consider, as we have already indicated, is whether the judgment against Taylor may be sustained. While in its opinion the Appellate Division discusses a number of facts which if believed might very possibly justify the result reached by the trial court; while in the record there is other testimony that might lead to the same conclusion, the Appellate Division made no findings of fact. Therefore, the question before us is whether the

judgment is sustained by the findings actually made by the trial judge.

Many years ago, one Edward Banker was the owner of a considerable tract of land in Brooklyn, including three lots subsequently known as Nos. 777, 779 and 781 Manhattan avenue. Josiah Palmer was engaged in the real estate business and managed this property for Mr. Banker. From him he obtained a lease of these lots. The term was seven years with the right of renewal upon a rental to be fixed by arbitration. The lessee might also remove within ten days of the expiration of the lease such buildings as he had placed thereon. Renewals were had from time to time. Finally Mr. Palmer died. His leasehold interest passed to his children — one-third to George W. Palmer and the balance to some daughters. George W. Palmer was also a real estate operator and he succeeded his father as agent for this Banker property. In his employ was the defendant William F. Taylor. Taylor finally bought the business from Palmer and became the agent for the Banker property. In February, 1909, the lease was again renewed for seven years upon the old terms. Mr. Palmer died in 1912. His interest in the leasehold passed to his widow Mary. In turn the widow died in 1913. She by will gave a house and lot in New Jersey to her daughters Elizabeth and Minnie, and then one-fourth of the remainder to each of them, and one-half to Taylor in trust for her daughter Florence and her son Charles, with remainder after the death of both to her two daughters first named. Mr. Taylor was also made the sole executor. He thereupon took possession of the estate amounting to some $28,000 beside the New Jersey land. He paid Elizabeth and Minnie the portions to which they were entitled and retained the balance including the leasehold interest as the corpus of the trust fund. He collected all rents, paid the charges upon the property, including rentals reserved by the Banker lease and divided what was left

[235 N. Y. 367]          Opinion, per ANDREWS, J.          [April,

among the owners of the leasehold interest, including himself as trustee representing one-third thereof.

The 1909 lease would expire in 1916. By this time Mr. Banker was dead. The interests of his estate were in the hands of a daughter, a Mrs. White. In February, 1914, Taylor at the request of the other lessees wrote to her for a renewal. On March 1st Mrs. White answered that she would be glad to comply with the request. Thereupon Taylor prepared a formal lease which was executed by his co-lessees, but neither by himself nor by the Bankers. It is found that his failure in this regard was not fraudulent but merely an act of carelessness or inadvertence. The lessees, however, remained in possession, paid their rent and executed subleases. It is held, therefore, that in spite of the formal defect the lease was in fact renewed and this, as we have stated, is questioned by no one.

Some time in October, 1919, a real estate broker who happened to be the husband of the plaintiff Florence Lane was requested by the defendant Gustave Goldberg to inquire if the property was for sale and was authorized to offer Mrs. White $30,000 therefor. He did make an offer of $25,000 but Mrs. White replied that she wanted $30,000 and in no event would sell until she had first given Elizabeth and Minnie an opportunity to buy. She then telephoned Taylor that she intended to sell the premises and that she " desired the Palmer girls to have the choice of buying the property at that price." Notwithstanding this statement, however, she accepted an offer from Taylor of $30,000, well understanding that it was made by him as an individual and not as a representative. Her reference to the Palmers was merely an expression of a wish or desire. Some days later Taylor and the two Palmers met. The latter expressed an intention to purchase the property but later in their presence Taylor called up Mrs. White on the telephone and said that the Palmers were not financially able to

make the purchase but he would do so " and see that their interests were protected." Subsequently, a written contract of sale was executed by Taylor and Mrs. White. The property was deeded to Taylor and he ' in turn conveyed it to the Goldbergs at a profit, subject, however, to the lease. In this transaction Taylor " was undertaking to engage with his own funds or credit in a speculation in real estate, believing the said property was on the market and that Minnie and Elizabeth Palmer lacked funds to carry it." The purchase was not in conflict with his duties as executor and trustee of the will of Mary J. Palmer and he acted innocently with no intent to defraud the plaintiffs and without collusion or conspiracy with the Goldbergs. It was found that the Palmers never had an option to purchase the property. They never instructed Taylor to buy either for them or as trustee of their mother's estate. They paid nothing. Before Taylor took the title they knew he intended to do so and nevertheless made no objection. In view of these findings we discover no basis for the conclusion that he should account to the Palmers for his profits.

A partner of their father's, his successor in the real estate business, the executor of their mother's estate, holding an interest in the lease as trustee for their brother and sister with remainder to them; agent for the lessors, acting for the lessees in respect to the lease, knowing that the lessors desired that the plaintiffs might have an opportunity to purchase the property, stating that he would see that the interests of the Palmers were protected, yet acting in perfect good faith believing the Palmers had no money with which to make the purchase, stating that fact in their presence to the lessors, when he sold conveying subject to their rights and, therefore, apparently complying with his promise that he would see to the protection of their interests, with no fraud, no confidence betrayed, no promise broken, no concealment of facts which should have been revealed, we fail to see

any principle under which he may be held accountable to them. He was not dealing with a trust estate or with any estate in which the Palmers had an interest, present or remote. He dealt simply with a reversion of property upon which he held a lease which ultimately might come to them openly and with their knowledge and tacit approval. The judgment against him, therefore, in view of the findings actually made may not be sustained.

As a new trial must be had of this branch of the case we need not review the practice of the trial court with regard to an account filed by Taylor. That question may not again be presented.

The judgments against the appellant Taylor should be reversed and a new trial granted of the issue as to whether he should be charged with the profits of transaction involving the sale of property, with costs in all courts between respondents Palmer and appellant Taylor to abide event. Otherwise the judgment should be affirmed, with costs to the respondents Goldberg against the appellants Palmer.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND and McLAUGHLIN, JJ., concur. Not voting: CRANE, J.

Judgment accordingly.